UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   12 CIV 4635 (DLC)
Kevin Watkins,

                          Plaintiff,

    -against-

Derek Smith, et al.

                         Defendants.
-------------------------------------------------------------------X   12 CIV 7659 (DLC)
Jessica Dugue,

                          Plaintiff,

    -against-

Kevin Watkins,

                         Defendant.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION TO ADMINISTRATIVELY DISMISS OR CONSOLIDATE CASES

Anil Taneja, Esq., M.B.A. (AT-1760)
244 5th Avenue 2nd Floor
New York, NY 10001
(646) 335-3256

# Table of Contents

## Cases

| | |
|---|---|
| Albert Fadem Trust v. Citigroup Inc., | 239 F.Supp.2d 344 (SDNY 2002) |
| Cajamarca v. Regal Entertainment Group, | EDNY 11 Civ. 02780 8/31/12 |
| Chick Kam Choo v. Exxon Corp., | 486 U.S. 140, 147 (1988) |
| Johnson v. Celotex Corp., | 899 F.2d 1281 (2d Cir. 1990) |
| Kaplan v. Garfield, | 240 FRD 88 (SDNY 2007) |
| Kline v. Burke Constr. Co., | 260 U.S. 226, 229 (1922) |
| Kropelnicki v. Siegel, | 290 F.3d 118, 131 (2d Cir. 2003) |
| Mitchum v. Foster, | 407 U.S. 225, 243 (1972) |
| In re Olsten Corp Sec. Litig., | 3 F.Supp.2d 286, 294 (EDNY 1998) |
| Simon DeBartolo Group, L.P. v. The Richard Jacob Group, Inc. | 186 F.3d 157, 167 (2d Cir. 1999) |
| Smith v. Bayer Corp., | 131 S. Ct. 2368, 2375 (2011) |
| Wyly v. Weiss, | NYLJ 10/12/12, 10-4785-CV (2d Cir) |
| Matter of Yao, | 250 A.D.2d 221 (1st Department 1998) |

| | |
|---|---|
| Federal Rules of Civil Procedure | Rule 42(a) |

## Introduction

For the sake of clarity, in all instances within this memorandum "plaintiff" shall refer to the plaintiff in the main action, Kevin Watkins.

This matter regards attorneys targeting businesses to send straw customers for the purpose of creating litigation has been in the news recently ( see e.g. "Disabilities Act Prompts Flood of Suits Some Cite as Unfair", New York Times, April 16, 2012). In those cases, the violations were real and the disabled plaintiff's actually disabled. Here the defendants in the within action have a new twist. Their enterprise targets businesses by sending operatives. In their offices, defendant firm Phillips & Phillips has been recently chastised for presenting alleged

victims of extremely fleeting harassment to federal court and hiding the fact that their client presented as an "engenue" is really a former prostitute (Cajamarca v. Regal Entertainment Group, EDNY 11 Civ. 02780 8/31/12 (Cogan, J.) See exhibit A). The defendants' cynical move to file a claim they had removed to federal court in state court is a bald attempt to avoid the reach of Judge Cogan's order regarding the duplicity and fraud upon the Court which the defendants' enterprise at 30 Broad Street has been involved in (and which the federal court's PACER system makes so readily available to all who wish to read Judge Cogan's order). In the Amended Complaint it made it clear that all defendants are clearly alleged to be involved in the RICO enterprise at issue.

Here, as in the Cajamarca case before Judge Cogan, defendant Dugue has advertised her taste for expensive things well beyond the reach of individuals making minimum and near minimum wage.[1] As in the Cajamarca case, there is no explanation for the source of the necessary money to support a luxurious lifestyle. Plaintiff contends that the source of the money for luxury items springs from the business of extortion.

Watkins v. Smith, et al., 12 Civ 4635 DLC, pending in this Court, was filed by plaintiff Watkins in state court and removed by defendants to this Court on June 13, 2012. In their defense motions they have twice presented the unfiled complaint in Dugue v. Watkins, 12 Civ. 7659. They have argued that the complaint in the Dugue matter "Is true, is true" and have submitted an audio recording (which the plaintiff maintains has been doctored) which purports to show the single incident of alleged harassment. Said recording, even as doctored, fails to support a non-frivolous claim for harassment or discrimination.

Dugue v. Watkins, 12 Civ. 7659 was filed in state court by defendants Jessica Dugue, Bryan Arce, Arce Law Group, PC, Derek T. Smith, PC, and Derek T. Smith. The matter was removed to this Court by plaintiff on October 12, 2012.

The two cases share the common nucleus of operative fact.

## Argument

<u>Administrative Dismissal</u>

---

[1] She has even provided proof for this fact on the doctored recording submitted by defendants.

Dugue v. Watkins, 12 Civ. 7659 (DLC) should be administratively dismissed pursuant to Rule 42(a)(3) as a duplicate filing of the matter removed to this Court by the defendants and currently pending (Watkins v. Smith, et al., 12 Civ. 4635 (DLC)). The Court could allow that such dismissal is without prejudice to renew as a counterclaim in Watkins v. Smith, et al., 12 Civ. 4635 (DLC).

Even if it had not been removed, the Dugue matter could have been enjoined from proceeding in state court as it runs afoul of the "in aid of jurisdiction" and "relitigation" exceptions to the Anti-Injunction Act.

This principle was reaffirmed in the Second Circuit as recently as last week (Wyly v. Weiss, NYLJ 10/12/12, 10-4785-CV (2d Cir 10/12/12)):

> Under the Anti-Injunction Act, the "in aid of jurisdiction" exception applies "where the effect of [a state court proceeding] would be to defeat or impair the jurisdiction of the federal court." Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922).
> [...]
> Anti-Injunction Act's so-called "relitigation" exception, which permits a federal court to enjoin a state court proceeding "to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception, which was "designed to implement 'well-recognized concepts' of claim and issue preclusion," authorizes a federal court to enjoin "state litigation of a claim or issue 'that previously was presented to and decided by the federal court.'" Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988)).
> - Wyly v. Weiss, NYLJ 10/12/12, 10-4785-CV (2d Cir 10/12/12)

But given the timely removal of the action, there is no need to resort to All Writs when the easier method is to use Rule 42(a)(3) to administratively dismiss the improperly brought Dugue v. Watkins, 12 Civ. 7659 (DLC).

Consolidation

If not dismissed then Dugue v. Watkins, 12 Civ. 7659 (DLC) should be consolidated with Watkins v. Smith, et al., 12 Civ. 4635 (DLC). These two matters should be consolidated because the plaintiff in Dugue v. Watkins, 12 Civ. 7659 (DLC) defendant Dugue is a defendant in Watkins v. Smith, et al., 12 Civ. 4635 (DLC). Her attorneys are also defendants in that matter. The facts are the same and already under consideration in this matter.

Consolidation of actions pursuant to FRCP 42(a) is appropriate when the actions involve common questions of law and fact. See Johnson v. Celotex Corp., 899 F.2d 1281 (2d Cir. 1990);

4

<u>Albert Fadem Trust v. Citigroup Inc.</u>, 239 F.Supp.2d 344 (SDNY 2002). Under Rule 42(a) this Court is to determine whether consolidation is appropriate, "and in making this determination, [is] to consider whether judicial economy favors consolidation." <u>Kaplan v. Garfield</u>, 240 FRD 88 (SDNY 2007). It is well recognized that consolidation "often benefits both the courts and the parties by expediting pretrial proceeding, avoiding duplication of discovery, and minimizing costs." <u>Kaplan</u> (quoting <u>In re Olsten Corp Sec. Litig.</u>, 3 F.Supp.2d 286, 294 (EDNY 1998)).

In the consolidated case, the Dugue v. Watkins, 12 Civ. 7659 (DLC) complaint should be treated as the long awaited, yet never received, Answer and Counterclaim from defendants Smith, Derek T. Smith Law Group, PC, Bryan Arce, Arce Law Group, PC, and defendant Jessica Dugue with every element of the complaint not addressed in the counterclaim deemed admitted and every affirmative defense not included deemed waived and/ or forfeited.

<u>Prior Default</u>

The defendants have already defaulted on the merits of this matter in Watkins v. Smith, on August 20, 2012. Although the Court granted vacatur of the clerk's default it did so without a) affording the plaintiff an opportunity to be heard on the matter; and, b) without a finding of excusable neglect.

<u>Sanctions</u>

A court may impose Rule 11 sanctions on a party that submits a pleading for "any improper purpose" <u>Kropelnicki v. Siegel</u>, 290 F.3d 118, 131 (2d Cir. 2003). "A pleading, motion, or paper violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation…" <u>Simon DeBartolo Group, L.P. v. The Richard Jacob Group, Inc.</u>, 186 F.3d 157, 167 (2d Cir. 1999). These standards are well known by the defendants in this matter as they cited the very same Second Circuit cases in their own frivolous sanctions motions previously filed in Watkins v. Smith, et al., 12 Civ. 4635 (DLC).

Defendants Jessica Dugue, Bryan Arce, Arce Law Group, PC, Derek T. Smith, PC, and Derek T. Smith should be sanctioned for bringing Dugue v. Watkins, 12 Civ. 7659 in state court while well aware that they had removed the same issue to this Court for resolution. There is no possible argument or justifiable excuse for a party that removed a case to federal court to then bring a counterclaim in state court that they themselves removed.

This is yet another example of these defendants acting to delay and harass the plaintiff while blatantly violating the rules of this Court with absolute impunity.

## Conclusion

For the reasons above and the reasons herein plaintiff respectfully requests that this Court grant an order pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ordering that Dugue v. Watkins, 12 Civ. 7659, be administratively dismissed or consolidated with Watkins v. Smith, et. al., and defendants Jessica Dugue, Bryan Arce, Arce Law Group, PC, Derek Smith, and Derek Smith Law Group, PC, be sanctioned, together with such other and further relief as this Court may deem just and proper.

Dated: October 19, 2012

_____/s/_____
Anil Taneja, Esq., M.B.A. (AT-1760)
244 5th Avenue 2nd Floor
New York, NY 10001
(646) 335-3256